JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:  (323) 979-2063
Facsimile:   (323) 488-6748

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### San Diego Division

| | |
|---|---|
| SHIMON MACHLUF | Case No.:  '18CV2585 AJB  AGS |
| Against | **COMPLAINT** for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. |
| EQUIFAX INFORMATION SERVICES, LLC, | |
| BELLCO CREDIT UNION, | |
| CREDIT ONE FINANCIAL d/b/a CREDIT ONE BANK, N.A., | |
| DISCOVER BANK, | |
| TD BANK USA, N.A. | |

Plaintiff Shimon Machluf ("Plaintiff" or "Machluf") by and through his

attorneys, The Law Offices of Jonathan A. Stieglitz, as and for its Complaint

against Defendants Equifax Information Services, LLC ("Equifax"), Defendant

Bellco Credit Union ("Bellco"), Defendant Credit One Financial d/b/a Credit One

Bank, N.A. ("Credit One"), Defendant Discover Bank ("Discover"), and Defendant

TD Bank USA, N.A. ("TD Bank") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq.*  The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4.  Plaintiff is a resident of the State of California, residing in the County of San Diego, at 757 Trunorth Circle, Escondido, CA, 92026.

5.  At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6.  Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a

Georgia corporation registered to do business in the State of California, and may be served with process upon The Prentice-Hall Corporation System, Inc., its registered agent for service of process at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA, 95833.

7.  At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8.  At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9.  Defendant Bellco Credit Union is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 and is a Colorado corporation and may be served with process upon Daniel R. Kampen, its registered agent at 7600 E. Orchard Road, Suite 400N, Greenwood Village, CO 80111.

10. Defendant Credit One Financial d/b/a Credit One Bank, N.A. is a person who furnishes information to consumer reporting agencies under 5 U.S.C. § 1681s-2 and is a Nevada corporation and may be served with process upon the National Registered Agents, Inc. of NV, its registered agent at 701 S. Carson Street, Suite 200, Carson City, NV 89701.

11. Defendant Discover Bank is a person who furnishes information to consumer reporting agencies under 5 U.S.C. § 1681s-2 and is a Delaware corporation and may be served with process upon the C T corporation System, its registered agent at 818 West Seventh Street, Suite 930, Los Angeles, CA 90017.

12. Defendant TD Bank, USA, N.A. is a person who furnishes information to consumer reporting agencies under 5 U.S.C. § 1681s-2 and is a Delaware corporation and may be served with process upon the Corporation Service Company, its registered agent at 251 Little Falls Drive, Wilmington, DE 19808.

## **FACTUAL ALLEGATIONS**

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Bellco Dispute and Violation

14. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information.

15. The inaccurate information specifically related to Defendant Bellco credit union account.

- 4 -

16. The inaccurate information furnished by Defendant Bellco and published by Defendant Equifax is the inconsistent reporting between the credit bureaus. Equifax is the only credit bureau reporting a a balance for the Bellco account, Trans Union and Experian do not list the trade line leading to the conclusion that the Bellco account is not reporting correctly. Defendant Equifax lists the first major delinquency as 01/2014 yet the payment history shows that the Bellco account had been charged off at that time.

17. Defendant Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

18. Plaintiff notified Equifax that he disputed the accuracy of the information Equifax was reporting, on or around July 25, 2018 specifically stating in a letter that he was disputing the uneven reporting of this account.

19. It is believed and therefore averred that Defendant Equifax notified Defendant Bellco, of the Plaintiff's dispute.

20. Upon receipt of the dispute of the account from the Plaintiff by Equifax, Bellco failed to conduct a reasonable investigation and continued to report impermissible and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

21. Furthermore, Bellco failed to mark the account as disputed despite receiving the dispute letter from Plaintiff.

22. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect the disputed account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed accounts was inaccurate.

23. Notwithstanding Plaintiff's efforts, Defendant Equifax sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

24. As of the date of the filing of this Complaint, Defendant Bellco continues to furnish credit data which is inaccurate and materially misleading, and Defendant Equifax's reporting of the above referenced trade lines continues to be inaccurate and materially misleading.

25. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

26. As a result of the Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

<u>Credit One Bank Dispute and Violation</u>

27. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information.

28. The inaccurate information specifically related to Plaintiff's Credit One Bank credit card account.

29. The inaccurate information furnished by Defendant Credit One Bank and published by Defendant Equifax is inaccurate since the account has been closed for many years and has a zero balance, it should no longer be listed as a charge off.

30. Furthermore, this reporting is inconsistent with the other bureaus who have ceased to report this account due to the age limit on an account of this type.

31. Defendant Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

32. Plaintiff notified Equifax that he disputed the accuracy of the information Equifax was reporting, on or around July 25, 2018 specifically stating in a letter that he was disputing the uneven reporting of this account.

33. It is believed and therefore averred that Defendant Equifax notified Defendant Credit One Bank, of the Plaintiff's dispute.

34. Upon receipt of the dispute of the account from the Plaintiff by Equifax, Credit One Bank failed to conduct a reasonable investigation and continued to report impermissible and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

35. Furthermore, Credit One Bank failed to mark the account as disputed despite receiving the dispute letter from Plaintiff.

36. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect the disputed account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed accounts was inaccurate.

37. Notwithstanding Plaintiff's efforts, Defendant Equifax sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

38. As of the date of the filing of this Complaint, Defendant Credit One Bank continues to furnish credit data which is inaccurate and materially

misleading, and Defendant Equifax's reporting of the above referenced trade lines continues to be inaccurate and materially misleading.

39. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

40. As a result of the Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

<u>Discover Bank Dispute and Violation</u>

41. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information.

42. The inaccurate information specifically related to Plaintiff's Discover Bank credit card account.

43. The inaccurate information furnished by Defendant Discover Bank and published by Defendant Equifax is inaccurate since the account has been closed for many years and paid off to a zero balance, so it should no longer be listed as a charge off.

44. Furthermore, this reporting is inconsistent with the other bureaus who have ceased to report this account due to the age limit on an account of this type.

45. Defendant Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that

they have disseminated to various persons and credit grantors, both known and unknown.

46. Plaintiff notified Equifax that he disputed the accuracy of the information Equifax was reporting, on or around July 25, 2018 specifically stating in a letter that he was disputing the uneven reporting of this account.

47. It is believed and therefore averred that Defendant Equifax notified Defendant Discover Bank, of the Plaintiff's dispute.

48. Upon receipt of the dispute of the account from the Plaintiff by Equifax, Discover Bank failed to conduct a reasonable investigation and continued to report impermissible and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

49. Furthermore, Discover Bank failed to mark the account as disputed despite receiving the dispute letter from Plaintiff.

50. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect the disputed account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed accounts was inaccurate.

51. Notwithstanding Plaintiff's efforts, Defendant Equifax sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such

inaccurate information to other third parties, persons, entities and credit grantors.

52. As of the date of the filing of this Complaint, Defendant Discover Bank continues to furnish credit data which is inaccurate and materially misleading, and Defendant Equifax's reporting of the above referenced trade lines continues to be inaccurate and materially misleading.

53. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

54. As a result of the Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

<u>TD Bank Dispute and Violation</u>

55. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information.

56. The inaccurate information specifically related to Plaintiff's TD Bank target card account.

57. The inaccurate information furnished by Defendant TD Bank and published by Defendant Equifax is inaccurate since the account has been closed for many years and paid off to a zero balance, so it should no longer be listed as a charge off.

58. Furthermore, this reporting is inconsistent with the other bureaus who have ceased to report this account due to the age limit on an account of this type.

59. Defendant Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

60. Plaintiff notified Equifax that he disputed the accuracy of the information Equifax was reporting, on or around July 25, 2018 specifically stating in a letter that he was disputing the uneven reporting of this account.

61. It is believed and therefore averred that Defendant Equifax notified Defendant Discover Bank, of the Plaintiff's dispute.

62. Upon receipt of the dispute of the account from the Plaintiff by Equifax, TD Bank failed to conduct a reasonable investigation and continued to report impermissible and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

63. Furthermore, TD Bank failed to mark the account as disputed despite receiving the dispute letter from Plaintiff.

64. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect the disputed account, Equifax did not evaluate or consider any of the information, claims, or evidence of the

Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed accounts was inaccurate.

65. Notwithstanding Plaintiff's efforts, Defendant Equifax sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

66. As of the date of the filing of this Complaint, Defendant TD Bank continues to furnish credit data which is inaccurate and materially misleading, and Defendant Equifax's reporting of the above referenced trade lines continues to be inaccurate and materially misleading.

67. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

68. As a result of the Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's credit file.

**FIRST CAUSE OF ACTION**
**(Willful Violation of the FCRA as to Equifax)**

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

70. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

71. Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

72. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information T Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

73. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

74. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

75. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Shimon Machluf, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax)

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

77. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

78. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

79. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

80. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

81. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

82. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Shimon Machluf, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to Defendant Bellco)**

83. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

84. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

85. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

86. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely

- 18 -

investigation of the disputed information and review all relevant information provided by the agency.

87. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant listed above must report the results to other agencies which were supplied such information.

88. The Defendant Bellco violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

89. Specifically, the Defendant Bellco continued to report this account on the Plaintiff's credit report after being notified that this account was inconsistently reported among the other credit bureaus.

90. Additionally, the Defendant Bellco failed to mark the account as disputed after receiving the dispute letter.

91. As a result of the conduct, action and inaction of the Defendant Bellco, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

92. The conduct, action and inaction of Defendant Bellco was willful, rendering Defendants liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

93. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Bellco in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Shimon Machluf, an individual, demands judgment in his favor against Defendant Bellco for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Defendant Bellco)

94. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

95. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

96. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

- 20 -

97. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

98. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

99. Defendant Bellco is liable to the Plaintiff for failing to comply with the requirement imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

100.    After receiving the Dispute Notice from Equifax, Defendant Bellco negligently failed to conduct its reinvestigation in good faith.

101.    A reasonable investigation would require a furnisher to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

102.    Defendant Bellco continued to report this account on the Plaintiff's credit report after being notified of the inconsistent reporting with the other bureaus.

103.     Additionally, the Defendant Bellco failed to mark the account as disputed after receiving the dispute letter.

104.     The conduct, action and inaction of Defendant Bellco was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

105.     As a result of the conduct, action and inaction of the Defendant Bellco, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

106.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Bellco in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Shimon Machluf, an individual, demands judgment in his favor against Defendant Bellco, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### FIFTH CAUSE OF ACTION
**(Willful Violation of the FCRA as to Defendant Credit One)**

107.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

108.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

109.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

110.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

111.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant listed above must report the results to other agencies which were supplied such information.

112.     The Defendant Credit One violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

113.     Specifically, the Defendant Credit One continued to report this account on the Plaintiff's credit report after being notified that this account was inconsistently reported among the other credit bureaus and inaccurately reported Plaintiff's account status and history.

114.     Additionally, the Defendant Credit One failed to mark the account as disputed after receiving the dispute letter.

115.     As a result of the conduct, action and inaction of the Defendant Credit One, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

116.     The conduct, action and inaction of Defendant Credit One was willful, rendering Defendants liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

117.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Credit One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Shimon Machluf, an individual, demands judgment in his favor against Defendant Credit One for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### SIXTH CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Defendant Credit One)**

- 24 -

118.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

119.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

120.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

121.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

122.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

123.     Defendant Credit One is liable to the Plaintiff for failing to comply with the requirement imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

124.     After receiving the Dispute Notice from Equifax, Defendant Credit One negligently failed to conduct its reinvestigation in good faith.

125.     A reasonable investigation would require a furnisher to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

126.     Defendant Credit One continued to report this account on the Plaintiff's credit report after being notified of the inconsistent reporting with the other bureaus and inaccurate reporting of the payment history.

127.     Additionally, the Defendant Credit One failed to mark the account as disputed after receiving the dispute letter.

128.     The conduct, action and inaction of Defendant Credit One was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

129.     As a result of the conduct, action and inaction of the Defendant Credit One, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

130.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Credit One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Shimon Machluf, an individual, demands judgment in his favor against Defendant Credit One, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**SEVENTH CAUSE OF ACTION**
**(Willful Violation of the FCRA as to Defendant Discover)**

131.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

132.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

133.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

134.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

- 27 -

135.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant listed above must report the results to other agencies which were supplied such information.

136.    The Defendant Discover violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

137.    Specifically, the Defendant Discover continued to report this account on the Plaintiff's credit report after being notified that this account was inconsistently reported among the other credit bureaus and that the account was paid in full so should no longer be in charge off status.

138.    Additionally, the Defendant Discover failed to mark the account as disputed after receiving the dispute letter.

139.    As a result of the conduct, action and inaction of the Defendant Discover, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

140.     The conduct, action and inaction of Defendant Discover was willful, rendering Defendants liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

141.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Discover in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Shimon Machluf, an individual, demands judgment in his favor against Defendant Discover for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## EIGHTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Defendant Discover)

142.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

143.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

144.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

145.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a

consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

146.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

147.    Defendant Discover is liable to the Plaintiff for failing to comply with the requirement imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

148.    After receiving the Dispute Notice from Equifax, Defendant Discover negligently failed to conduct its reinvestigation in good faith.

149.    A reasonable investigation would require a furnisher to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

150.    Defendant Discover continued to report this account on the Plaintiff's credit report after being notified of the inconsistent reporting with the other bureaus and inaccurate reporting of the late payments.

151.    Additionally, the Defendant Discover failed to mark the account as disputed after receiving the dispute letter.

152.    The conduct, action and inaction of Defendant Discover was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

153.    As a result of the conduct, action and inaction of the Defendant Discover, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

154.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Discover in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Shimon Machluf, an individual, demands judgment in his favor against Defendant Discover, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## NINTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Defendant TD Bank)

155.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

156.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

157.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies

when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

158.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

159.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant listed above must report the results to other agencies which were supplied such information.

160.     The Defendant TD Bank violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

161.     Specifically, the Defendant TD Bank continued to report this account on the Plaintiff's credit report after being notified that this account was

inconsistently reported among the other credit bureaus and that the account was paid in full so should no longer be in charge off status.

162.    Additionally, the Defendant TD Bank failed to mark the account as disputed after receiving the dispute letter.

163.    As a result of the conduct, action and inaction of the Defendant TD Bank, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

164.    The conduct, action and inaction of Defendant TD Bank was willful, rendering Defendants liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

165.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant TD Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Shimon Machluf, an individual, demands judgment in his favor against Defendant TD Bank for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## TENTH CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Defendant TD Bank)**

166.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

167.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

168.    Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

169.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

170.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

171.    Defendant TD Bank is liable to the Plaintiff for failing to comply with the requirement imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

172.    After receiving the Dispute Notice from Equifax, Defendant TD Bank negligently failed to conduct its reinvestigation in good faith.

173.    A reasonable investigation would require a furnisher to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

174.    Defendant TD Bank continued to report this account on the Plaintiff's credit report after being notified of the inconsistent reporting with the other bureaus and that the account was paid.

175.    Additionally, the Defendant TD Bank failed to mark the account as disputed after receiving the dispute letter.

176.    The conduct, action and inaction of Defendant TD Bank was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

177.    As a result of the conduct, action and inaction of the Defendant TD Bank, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

178.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant TD Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Shimon Machluf, an individual, demands judgment in his favor against Defendant TD Bank, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## DEMAND FOR TRIAL BY JURY

179.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681(o)(a) be awarded for each negligent violation as alleged herein;

b)     For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)     For statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)     For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)      For punitive damages provided and pursuant to 15 U.S.C. §

1681n(a)(2);

f)      For attorney fees and costs provided and pursuant to 15 U.S.C.

§ 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g)      For any such other and further relief, as well as further costs, expenses

and disbursements of this action as this Court may deem just and

proper.


Dated:  October 31, 2018

THE LAW OFFICES OF
JONATHAN A. STIEGLITZ

By:      _____/s/ Jonathan A Stieglitz_____
Jonathan A Stieglitz

- 37 -